STEPHEN KEULPER et al.

*v.*

ESTERBROOK REEVE et al.

[Submitted May 16th, 1911. Determined May 22d, 1911.]

1. The failure of the complainants in an interpleader suit to state in their bill that they, as owners, gave notices to the contractor of the several stop-notices of the claimants upon the fund arising in their hands out of a building contract, does not render the bill demurrable.

2. Neither is such bill demurrable because it does not disclose that specifications were filed with the building contract. If the contract as filed does not include the specifications, that fact is available by answer.

---

On demurrer of Eisele & Manning to bill of interpleader.

*Mr. Charles R. Stevenson* and *Messrs. French & Richards,* for the demurrants.

*Mr. George J. Bergen, contra.*

LEAMING, V. C.

The objections to the bill, as urged by demurrant at the argument, are as follows:

*First.* That it does not appear that complainants are indifferent and disinterested, but on the contrary they have guaranteed or made payment of some of the claims and deducted them, and now ask defendants to interplead as to the balance.

A motion was heretofore made against this bill in behalf of other defendants. This same objection was then urged and passed upon by me. A copy of my memorandum opinion then filed will be hereto annexed as embodying my present views on that question. *Post, p. 483.*

*Second.* That the bill does not disclose sufficient doubt touching the rights of the respective claimants to justify a bill of interpleader.

That question was also considered by me under the former motions.

*Third.* That the bill fails to show that complainants, as owners, gave notice of the several claims to the contractor.

This objection to the bill has not been heretofore considered by me.

I do not think it material to complainants' right to pay the money in their hands into court for distribution among the parties who have filed legal stop-notices that the bill disclose whether he gave written notices to the contractor of the stop-notices so served. Any failure of complainant to give such notices cannot deny to the materialmen who may have served

proper stop-notices their statutory lien on the fund. As pointed out in the annexed memorandum opinion, all payments which have been made by the owner are clearly proper credits to him as of the date of the completion of the building, except as to prior stop-notices, and the funds paid into court are more than ample to satisfy all persons claiming under stop-notices served prior to that date, and stop-notices served subsequent to that time are operative only against the unappropriated balance. If complainants have, perchance, incurred personal liability to demurring defendant by reason of failure to give notice to the contractor of stop-notices, such personal liability to demurring defendant will neither enlarge nor diminish the rights of the persons who have served stop-notices to enforce their liens against and thereby appropriate the balance of the contract price now in the hands of complainant, nor will any final decree in this case be operative to bar any personal claim demurring defendant may have against complainant. I am convinced that the failure of complainant to state in his bill that he gave notices to the contractor of the several stop-notices served will not render the bill demurrable as to demurring defendant. So far as the present bill discloses, complainant appears to have no interest whatever in the fund in his hands, and I see no reason emanating from the objection now under consideration, why he should not be privileged to require all defendants who have asserted a claim against that fund to settle among themselves their several rights against the fund.

*Fourth.* That the bill does not disclose that specifications were filed with the contract.

This objection to the bill has not been heretofore considered.

The statute contemplates that specifications accompanying a contract shall be filed. A contract may be so drawn that all necessary specifications touching material and dimensions are embodied in the contract itself. I apprehend that it is only where the contract is made with reference to independent specifications that the statute contemplates that the separate specifications shall be filed; such specifications necessarily became an important part of the contract and should be accessible to materialmen and laborers. The present bill asserts that the

"contract was duly filed on the 12th day of November, 1909, in the clerk's office of Camden county, in accordance with the statute in such cases made and provided." In the present aspect of this case I think this averment sufficient as against the demurrer. As already suggested, the contract, in its broad sense, includes all matters agreed upon by the parties; furthermore, the present bill seeks only that the several defendants who assert a claim against the fund in complainant's hands shall interplead. In the absence of attachments or garnishments, claims against the fund exist only upon the supposition that the statute has been complied with so far as the requirements touch= ing filing are concerned. If the contract as filed does not include the specifications, the force of that fact is available by answer. Under such conditions I think the bill should be sustained. See *1 Dan. Ch. Pl. & Pr. 542, 543.* But in view of doubt suggested by the bill whether sufficient specifications have been filed, and the possible necessity of an answer to raise that issue, I think no costs should be taxed.

I will advise an order overruling the demurrer, but without costs.